IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Respondent, | 2:07 - cr - 571 - GEB TJB |
|     vs. | |
| CESAR QUINTERO-FELIX, | |
|     Movant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | |

    Movant, Cesar Quintero-Felix, seeks relief under 28 U.S.C. § 2255 from a sentence of 188 months imprisonment after Quintero-Felix pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine.  Movant raises three claims for ineffective assistance of counsel in his motion; specifically: (1) counsel was ineffective in permitting Movant to waive his right to appeal and collaterally attack the judgment in his plea agreement ("Claim I"); (2) counsel was ineffective in failing to inform Movant, a Mexican national in the United States illegally, of the collateral immigration consequences to his guilty plea ("Claim II"); and, (3) counsel was ineffective in failing to properly investigate the factual and legal basis for a downward departure in Movant's sentence under the "Safety Valve" provision.  Respondent filed an amended Answer in opposition to the motion, waiving any argument that Movant had waived his right to file a § 2255 motion in his guilty plea and arguing

1

that Movant's claims should be denied on the merits without a hearing. Movant did not file a reply to the Answer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Movant was one of nine persons named in an eighteen count indictment which issued in December of 2007. *See* Docket No. 34. Movant was charged with one count of conspiring to distribute methamphetamine, 21 U.S.C. §§ 846 & 841, one count of distributing methamphetamine, *id.* § 841(a)(1), and five counts of using a communication facility in furtherance of a drug offense, *id.* § 843(b). On January 23, 2009, Movant entered a guilty plea to one count of conspiracy to distribute and possess with the intent to distribute methamphetamine pursuant to the terms of a written plea agreement. *See* Docket Nos. 116 & 119. By the terms of the agreement, the remaining counts were dismissed. By signing the plea agreement, Movant admitted that the factual basis attached to the plea agreement was accurate. Docket No. 116 at 2, Ex. A. At the change of plea hearing the factual basis for the plea was read in open court and Movant agreed that it was correct. *See* Docket No. 280, Ex. D (Transcript of Change of Plea Proceeding) at 24-27. The factual basis for the plea states as follows:

> The defendant Cesar Quintero-Felix and others, including but not limited to Armando Sanchez, Felix Jauregui, James Honeycutt and Genaro Luna, were members of a conspiracy to distribute over 50 grams of actual methamphetamine in the Eastern District of California.
>
> Intercepted telephone calls, surveillance and controlled purchases showed that Quintero-Felix supplied methamphetamine to Felix Jaurequi, Genaro Luna and Eric Brooks, among others. For example, on Semtember 13, 2007, a confidential source (CS) working with the DEA placed a recorded call to Jauregui at 4:11 pm to place an order. Five minutes later Jauregui called Quintero-Felix, who said he would "come with doughnuts." Quintero-Felix arrived at the body shop at 4:46 pm and handed Jauregui a bag. At 5:07 pm, Jauregui told the CS to come over, and at 5:22 pm, the CS arrived at the body shop and purchased a quarter pound of methamphetamine from Jauregui. Similarly, on October 1, 2007, Jauregui provided approximately a quarter pound of methamphetamine to co-defendant Jesus Avila, who in turn supplied it to co-defendant Aid Luangrath. Intercepted telephone calls and surveillance establish that this methamphetamine was

> provided to Jauregui by Quintero-Felix. This methamphetamine was seized from Luangrath, analyzed, and found to consist of 67.3 grams of actual methamphetamine. An additional 255.2 grams of actual methamphetamine was seized from Jauregui's residence / place of business on December 12, 2007.
>
> Intercepted calls illustrated the fact that Quintero-Felix provided methamphetamine to both Jauregui and Luna on credit, known as a "front," with the expectation that he would be repaid with receipts from subsequent sales. Intercepted calls also established that Quintero-Felix was providing methamphetamine to co-defendant Eric Brooks, and that co-defendant Armando Sanchez aided Quintero-Felix in his distribution activities. Finally, intercepted calls indicated that co-defendant James Honeycutt stored methamphetamine for Quintero-Felix at a residence in Stockton. For example, on November 23, 2007, Quintero-Felix called Honeycutt and told him to stay in the house and not go on the street. Quintero-Felix told Honeycutt not to sell "it" to different people and expressed concern people might think he had "it" in the house. Quintero-Felix told Honeycutt to put something in the door, and Honeycutt said he had a broom handle. In this call, Quintero-Felix was telling Honeycutt to take precautions to safeguard the methamphetamine stored at his residence. When Honeycutt's residence was searched on December 12, 2007, officers found a small amount of heroin, a plastic scale with methamphetamine residue, and plastic packaging material that also contained methamphetamine residue.

Docket No. 116, Ex. A.

In addition to an agreement with regard to pleading guilty, the plea agreement also contained a waiver of appeal and collateral attack and set forth the parties obligations with regard to sentencing. The government agreed to recommend that Movant be sentenced to the low end of the applicable guideline range as determined by the United States Probation Office. The government also agreed not to oppose a sentence reduction for acceptance of responsibility, that it could argue for a enhancement due to Movant's role in the offense (up to three levels), and that it would not seek any additional enhancements. Movant was allowed to argue against the enhancement for his role in the crime as well as argue in favor of a reduction due to his family ties and responsibilities but agreed not to seek any additional sentence reductions.

Consistent with the plea agreement, on August 14, 2009, Movant was sentenced by the court to the low end term of 188 months. This included a three level enhancement due to

1  Movant's role in the offense and a three level reduction due to Movant's acceptance of
2  responsibility.  On August 18, 2010, Movant filed the instant motion to vacate, set aside, or
3  correct his sentence under 28 U.S.C. § 2255.

## II.  LEGAL STANDARD FOR § 2255 MOTION

A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2555 entitles a prisoner to relief if "the court finds . . . [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).  Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. *See United States v. Howard*, 381 F.3d 873, 877, 879 (9th Cir. 2004); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).  While a movant is not required to allege facts in detail, he must make factual allegations. *See Hearst*, 638 F.2d at 1194.  Accordingly, an evidentiary hearing is only required if:  (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *See Howard*, 381 F.3d at 877.

/ / /
/ / /
/ / /
/ / /

III. ANALYSIS OF PETITIONER'S CLAIMS[1]

1. Ineffective Assistance of Counsel

The Sixth Amendment guarantees effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating ineffective assistance of counsel. First, the movant must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See id.* at 688. Movant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *See id.* at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professional competent assistance. *See id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Second, a movant must affirmatively prove prejudice. *See id.* at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When claiming ineffective assistance after pleading guilty, in order to show prejudice a movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted). A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694. The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, __ U.S. __, 131 S.Ct 770, 791, 178 L.Ed.2d 624 (2011). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies . . . [i]f it is

---

[1] Because the record in this case shows that Movant is not entitled to relief, it is unnecessary to hold a hearing on this motion. Because Movant fails to allege specific facts, which, if true would entitle him to relief, it is unnecessary to hold an evidentiary hearing.

5

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 697).

### 2. Claim I

In Claim I, Movant alleges that his counsel was ineffective in permitting Movant to waive his right to appeal or collaterally attack the judgment and that Movant's acquiescence to the waiver was, therefore, involuntary. Movant's claim lacks merit because he cannot establish that he was prejudiced by any alleged ineffectiveness. Movant does not make any claim that but for the waiver he would have filed an appeal. With regard to the ability to collaterally attack the judgment, Movant has only alleged claims for ineffective assistance of counsel in this motion. Claims for ineffective assistance of counsel are not prohibited by a waiver of appeal or collateral attack in a plea agreement. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("[A] plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."). Thus, Movant fails to show that he would have collaterally attacked the judgment on any grounds that may have been subject to the waiver. Because Movant fails to establish that he would have appealed or collaterally attacked the judgment (with claims other than ineffective assistance of counsel) had he not waived that right, he cannot establish that he was prejudiced by the inclusion of the waiver and he is not entitled to relief from judgment on this claim.

### 3. Claim II

In his next claim, Movant asserts that his counsel was ineffective for failing to inform him of the immigration consequences of his plea—something his counsel denies. *See* Ex. I to Government's Opp., Docket No. 280. Because Movant is an immigrant in the United States

unlawfully and was convicted of a drug trafficking crime he is subject to mandatory deportation after he completes his time in prison. *See* 8 U.S.C. § 1229b; § 1101(a)(43)(B); § 1228.

Recently, in *Padilla v. Kentucky*, __ U.S. __ , 130 S. Ct. 1473, 1486 (2010), decided after judgment was entered against Movant,[2] the Supreme Court held that it was ineffective assistance of counsel under *Strickland* for counsel not to inform his or her client about the potential immigration consequences of a guilty plea. Contrary to Movant's assertion, *Padilla* still requires that a movant establish that he was prejudiced by his counsel's ineffectiveness to be entitled to relief. *Id.* at 1486-87 ("[W]e have little difficulty concluding that Padilla has sufficiently alleged that his counsel was constitutionally deficient. Whether Padilla is entitled to relief will depend on whether he can demonstrate prejudice as a result thereof.").

Movant's ineffective assistance claim must fail because he cannot establish that he was prejudiced by his counsel's alleged failure to inform him that he would be deported as a result of his guilty plea. First, Movant does not allege that he would have chosen to go to trial instead of plead guilty had he been aware that he would be deported after serving his sentence. This, by itself, is fatal to his claim. Second and independently, prior to committing the present offense, Movant had already been deported from the United States on one occasion in 2006. *See* Presentence Report at ¶ 76. An alien who has previously been removed or deported and thereafter reenters the United States is subject to reinstatement of the removal and is not eligible for discretionary review in almost all circumstances. *See* 8 U.S.C. § 1231(a)(5)[3]; *see Fernandez-*

---

[2]   The Government argues that the holding of *Padilla* is a new rule of criminal procedure and thus cannot support Movant's claim. *See Teague v. Lane*, 389 U.S. 288 (1989). Because the court concludes that Movant is not entitled to relief even if *Padilla* does apply retroactively, it is unnecessary to reach this argument and the court makes no determination regarding the potential retroactive effect of *Padilla*.

[3] 8 U.S.C. § 1231(a)(5) states as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being

*Vargas v. Gonzales*, 548 U.S. 30, 34-35 (2006); *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007) ("The scope of a reinstatement inquiry under INA § 241 is much narrower, and can be performed like any other ministerial enforcement action. The *only* question is whether the alien has illegally reentered after having left the country while subject to a removal order." (emphasis in original)). As such, Movant is and was subject to deportation regardless of the plea he entered in this case and he cannot show that he was prejudiced by his counsel's alleged failure to inform him of such a consequence.

    4. Claim III

In Movant's final claim, he asserts that his counsel was ineffective in failing to properly investigate the legal and factual basis for a "downward departure" in his sentence pursuant to his role in the offense and the "Safety Valve" provision of the United States Sentencing Guidelines. *See* 18 U.S.C. § 3553(f); U.S.S.G. 2D1.1(b)(11). In essence, because the safety valve provision is not eligible to those who are "an organizer, leader, manager, or supervisor in the offense," 18 U.S.C. § 3553(f)(4), Movant's argument is that his counsel failed to do an adequate investigation to prove that Movant was not an organizer, leader, manager, or supervisor.

To this point, Movant makes several arguments about his counsel's deficient performance, claiming that counsel should have reviewed the evidence in the case and called additional witnesses. Movant, however, fails to show how any of these actions would have potentially shown that Movant did not have a supervisory role in the crime. As such, Movant cannot show that he would have received different sentence had his counsel acted in the manner alleged. *See Tinsley v. Borg*, 895 F.2d 520, 532 (9th Cir. 1990); *United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (petitioner must show what witnesses would have testified to and how

---

    reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

it would have changed the outcome).  Movant cannot, therefore, establish that he was prejudiced by any failure to investigate.  Moreover, in the factual basis in support of Movant's plea, which Movant agreed he had read and that it was correct when he accepted the plea and at his change of plea hearing, shows that Movant was at least an organizer of the conspiracy by supplying several of his co-defendants with large amounts of methamphetamine to be resold.  *See* Docket No. 116, Ex. A.  For instance, Movant admitted that a coconspirator stored methamphetamine on his behalf.  *Id.* at 14.  Based upon his plea, Movant was not eligible for the safety valve reduction in his sentence due to his role in the offense, for which his sentence was enhanced.  Thus, any failure to investigate further evidence relating to Movant's role in the crime was unnecessary and he cannot show that he was prejudiced by such alleged deficient performance.  *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 858 (8th Cir. 2009) (because defendant's sentence was enhanced as a result of his role in the offense he was not eligible for safety-valve relief).

Finally, within this claim, Movant also alleges that his counsel was ineffective for failing to challenge the actual amount of methamphetamine seized by the government.  Again, Movant fails to establish how any additional investigation would have altered his sentence, other than to simply allege that the amount recited both in his plea agreement and at sentencing were incorrect.  Without more, Movant fails to state a claim for ineffective assistance of counsel on this point.

## IV. CONCLUSION

Accordingly,, IT IS HEREBY RECOMMENDED that the motion to vacate Movant's sentence under 28 U.S.C. § 2255 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, Movant may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. *See* Fed. R. App. P. 22(b).

DATED: February 6, 2012

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE